## Nusbaum's Appeal.

A judgment note having been adjudged fraudulent upon trial of a feigned issue by attaching creditors and against the judgment creditor,—*held*, that the attaching creditors are properly preferred in the distribution of proceeds of a sale on execution.

(Decided October 19, 1885.)

Appeal from a decree of the Common Pleas of Greene County. Affirmed.

Nathan Schack gave M. Nusbaum a judgment note, on which Nusbaum entered judgment and issued execution. The sheriff seized Schack's goods on execution, sold them, and paid the money into court. Attaching creditors claimed it, alleging that the judgment was fraudulent as against them, and, on the trial of a feigned issue on the question of fraud, they prevailed. (See preceding case.) The verdict of the jury coming in due course before the auditor, he adopted it, and in determining the distribution, he preferred the claims of the attaching creditors and postponed the Nusbaum judgment.

The court below approved this; and Nusbaum appealed, as thus stated in the record:

"The verdict and judgment thereon in the feigned issue having been removed to this court upon a writ of error, this report of the auditor and the decree of the court below distributing the money in court in accordance with the said verdict and judgment in the feigned issue is now removed into this court, upon a writ of certiorari, on appeal, for the purpose of showing this court that, if error has been committed in the court below in the trial of the feigned issue, that then, the appel-

NOTE.—Only the complaining creditors who object to the fraudulent judgment can benefit by the finding. Shulze's Appeal, 1 Pa. St. 251, 44 Am. Dec. 126; Tomb's Appeal, 9 Pa. 61. A like determination is reached where a fraudulent conveyance of land is set aside. Fowler's Appeal, 87 Pa. 449.

lant has been injured by the errors so committed; and for the further purpose of showing that under all the evidence in the feigned issue, that the verdict and judgment thereon is not binding upon the auditor, nor upon the court below, nor upon this court; and that, therefore, notwithstanding the verdict and judgment in the feigned issue, Mr. Nusbaum is entitled to the money in court made upon his judgment and execution."

The argument of the appeal was devoted chiefly to the question of fact on the evidence whether the judgment was confessed with intent to defraud; but on the question as to the effect of the verdict on the feigned issue the following authorities were cited.

*A. A. Purman,* for appellant.—This court will not hold that the verdict of the jury is conclusive upon them in the distribution of the fund in court. It is not so by the act of assembly, nor is it so by the usage, practice, or custom of the courts, either of law, or of equity.

While the court may treat the verdict as conclusive, "still, in point of practice, and in point of law, the verdict is not conclusive." 2 Story, Eq. Jur. § 1479a; Ansdell v. Ansdell, 4 Myl. & C. 449, 454; Baker v. Williamson, 2 Pa. St. 120; Johns v. Erb, 5 Pa. 237; Wills's Appeal, 22 Pa. 330.

The judgment of Nusbaum against Schack was conclusive upon the auditor and court below, in the distribution of the funds arising from the sale of Schack's personal property, and is conclusive upon this court unless the same is overcome by the verdict of the jury in the feigned issue. Thompson's Appeal, 57 Pa. 175.

*Brock & Teagarden* and *J. B. Donley* for appellee.

PER CURIAM:

In the feigned issue framed to try the validity of the judgment on which the appellant claims, the jury found that the note on which the judgment was entered, was given with intent to hinder, delay, and defraud the appellees. The auditor adopted that finding, and the court approved it. We have just affirmed that judgment.

It follows that the judgments in favor of the appellees were properly preferred in the distribution.

Decree affirmed and appeal dismissed, at the cost of the appel-